249 N.J. Super. 153 (1991)
591 A.2d 1387
JOSEPH T. PACIFICO, PLAINTIFF,
v.
GERALD F. FROGGATT, RONALD D. LEMINELLE, JR., GEORGE FOUNTAIN, JOHN DOES 1 THROUGH 3 AND NEW JERSEY TRANSIT RAIL OPERATIONS, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division, Union County.
Decided April 29, 1991.
*154 Richard P. Krueger for plaintiff (Krueger & Krueger, attorneys).
Matthew R. Gabrielson for defendants (Robert J. Del Tufo, Attorney General of New Jersey).
MENZA, J.S.C.
This opinion is an elaboration of a ruling made by the court during the trial of this matter.[1]
The question presented for the court's determination is whether defendant, New Jersey Transit Rail Operations, Inc., is liable for the negligent hiring of a transit police officer who is alleged to have assaulted a passenger on a New Jersey Transit train.
Plaintiff contends that he was assaulted by defendant George Fountain (Fountain), a New Jersey Transit police officer, while a passenger on a train. Plaintiff alleges that defendant, New Jersey Transit Rail Operations, Inc., (Transit), is liable for the actions of Fountain because it negligently hired him. Specifically, plaintiff contends that Transit knew, or should have known, that Fountain had vicious propensities. In this regard plaintiff has proffered a letter from the police academy, which indicates that Fountain has a tendency to engage in assaultive conduct. He further proffers documents from the Bergen County Sheriff's office, Fountain's prior employer, showing that Fountain was disciplined on two occasions for assaultive conduct. Transit responds that the sovereign immunity statute insulates it from liability for an employee's willful acts, and for the tort of negligent hiring.
N.J.S.A. 59:2-2 provides:
a. A public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances.
*155 N.J.S.A. 59:2-10 provides:
A public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice or willful misconduct.
Transit contends that this is not a negligence case but one involving willful conduct and that it therefore cannot be liable for Fountain's conduct. As authority for its position, Transit cites the case of McDonough v. Jorda, 214 N.J. Super. 338, 519 A.2d 874 (App.Div. 1986). In that case, the Appellate Division, addressing similar facts, held that a municipality is not liable for the tortious conduct of a police officer. The court cited N.J.S.A. 59:2-10, and stated:
The language of the statute is clear. When the municipal employees committed the intentional torts, respondeat superior did not apply. The city was not vicariously liable in such circumstances. [at 350]
Transit is obviously correct in its assertion that a sovereign entity cannot be liable for the willful acts of its employees and thus in this case, Transit is not liable for the acts of Fountain. However, the McDonough case is not applicable to the facts of this case, because what plaintiff alleges is that Transit is liable to it not because of the willful conduct of Fountain but because of the negligent act of one of its employees in hiring Fountain.
New Jersey recognizes the tort of negligent hiring. In DiCosala v. Kay, 91 N.J. 159, 450 A.2d 508 (1982), the Court recited at length section 213 of the Restatement, Agency 2d which discusses the liability of a principal for the dangerous acts of his agent, concluding:
In short, persons must use reasonable care in the employment of all instrumentalities  people as well as machinery  where members of the public may be expected to come into contact with such instrumentalities. [at 171, 450 A.2d 508]
It is Transit's contention however that even if there were a negligent hiring, Transit still cannot be liable to plaintiff because it is immune by virtue of N.J.S.A. 59:2-3 (discretionary activities). Subsection (a) of that statute provides:
A public entity is not liable for any injury resulting from the exercise of judgment or discretion vested in the entity.
Transit's position is that the act of hiring or firing is a discretionary function for which defendant is immune. Defendant *156 is wrong. In Costa v. Josey, 83 N.J. 49, 415 A.2d 337 (1980), the Court said:
The principles announced in Johnson v. State [69 Cal.2d 782, 73 Cal. Rptr. 240] 447 P.2d 352 (1968) and in the federal cases support the conclusion that the exemption contemplated under N.J.S.A. 59:2-3(a) concerns the "exercise of judgment or discretion" in making basic policy  the type made at the planning, rather than the operational level of decisionmaking. Moreover, immunity is contingent upon proof that discretion was actually exercised at that level by an official who, faced with alternative approaches, weighed the competing policy considerations and made a conscious choice. [at 59, 415 A.2d 337]
It is obvious that the statute was intended to cover policy decisions of some moment. As the Court stated in Costa:
They [the subsections of N.J.S.A. 59:2-3] suggest that the "exercise of ... discretion" in N.J.S.A. 59:2-3(a) refers to actual, high-level policymaking decisions involving the balancing of competing considerations. Such decisions have been traditionally entrusted to coordinate branches of government, and courts, utilizing standard tort principles, are ill-equipped to interfere with them. These discretionary determinations likely include such decisions as "whether to utilize the Department's resources and expend funds for the maintenance of [a] road; whether to repair the road by patching or resurfacing; [and] what roads should be repaired...." [Id. at 55, 415 A.2d 337]
Of course, every governmental decision requires, to some extent a degree of discretion and that includes the decision to hire or not hire someone.
But as stated in Costa v. Josey:
That the discretionary function immunity should be limited to actual policymaking is further supported by practical considerations. It is apparent that a literal interpretation of the term "discretion" would effectively exempt from the operation of the Tort Claims Act all government action unless it resulted from mere inadvertence.

Almost all official conduct, no matter how ministerial, involves the exercise of some judgment and decisionmaking. To construe subsection (a) that broadly, however, would in effect eliminate most of the liability which the Legislature clearly intended to permit when it enacted the statute. [Id. at 60, 415 A.2d 337; emphasis supplied]
Thus, although the statute might very well include decisions as to whether to employ 30 new police officers, it is clear that it would be a misapplication of the statute to apply it to the hiring of just one.
This court is, of course, cognizant of the legislative intent expressed in N.J.S.A. 59:1-2, which instructs the court to attempt *157 to find entity immunity and which cautions the court against sanctioning novel causes of action. Nevertheless, this court is of the opinion that the tort of negligent hiring is not one which is barred by the sovereign immunity act.
Plaintiff may submit his proofs on the issue of negligent hiring.
NOTES
[1] This case was settled during the course of the trial.